[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15870
Non-Argument Calendar

_____

Agency No. A98-394-269

LEOPOLD JUNIOR SAINT CYR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 16, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This is Leopold Junior Saint Cyr's appeal from the Board of Immigration

Appeals' order affirming the immigration judge's denial of his application for asylum.

Saint Cyr is a Haitian native and citizen who arrived in the United States in 1999 when he was twelve years old. After turning eighteen and graduating from high school, Saint Cyr applied for asylum, withholding of removal, and relief under the Convention Against Torture. In his application he alleged that in 1998 members of the Haitian political party Famni Lavalas came to his home looking for his mother, who had resisted the Lavalas' efforts to get her to join their party's demonstrations. Allegedly, when he refused to disclose his mother's whereabouts the Lavalas beat and threatened him and other members of his family.

At his asylum hearing Saint Cyr and his brother, who also came to the United States in 1999 and had been granted asylum, testified about these events. Saint Cyr also testified that in 2005 "some people" came to his aunt and uncle's house in Haiti looking for him. Saint Cyr introduced documents supporting his testimony, including a letter from his uncle stating that "every so often there are people who" came to the family's house to make death threats. After considering the evidence and noting discrepancies between Saint's Cyr's testimony and his asylum application, his uncle's letter, and his brother's testimony, the immigration judge found Saint Cyr to be removable because: (1) the 1998 beating was an isolated incident, not part of a pattern of persecution; (2) the Lavalas were not

2

attempting to get Saint Cyr's mother to join the party, just participate in mass rallies, so no political opinion was involved; and (3) the testimony about the beating was not credible because of the inconsistencies between the brothers' stories.

Saint Cyr timely appealed the denial of asylum and withholding to the BIA. The BIA dismissed his appeal, holding that the IJ did not clearly err in finding the evidence of the 1998 beating to be not credible and that Saint Cyr had not presented sufficient evidence to show that he would still be targeted by Lavalas supporters eight years after leaving Haiti. Saint Cyr then appealed the BIA's decision on his asylum application, contending that the BIA erred by: (1) affirming the IJ's credibility finding; and (2) affirming the IJ's finding that he had not established a well-founded fear of future persecution.[1]

When the BIA issues its own decision, our review is limited to that decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "A factual determination by the BIA that an alien is statutorily ineligible for asylum or withholding is reviewed under the substantial evidence test." Perlera-Escobar v. Executive Office for Immigration, 894 F.2d 1292, 1296 (11th Cir. 1990). "This means we must affirm the BIA's decision if it is supported by reasonable,

---

[1] Saint Cyr has not appealed the denial of his application for withholding of removal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that issues not briefed on appeal are deemed abandoned).

substantial, and probative evidence on the record considered as a whole." Al Najjar, 157 F.3d at 1284 (internal quotation marks omitted). "[T]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (internal quotation marks omitted). Additionally, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc).

To be eligible for asylum, the alien must establish by credible evidence that: (1) he suffered past persecution because of a protected ground; or (2) that he has a well-founded fear that, if returned, he will be persecuted because of a protected ground. Silva v. United States Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Al Najjar, 257 F.3d at 1287 (internal quotation marks omitted).

The BIA's affirmance of the IJ's finding that Saint Cyr's testimony regarding the 1998 beating was not credible was supported by substantial evidence. There were numerous inconsistencies between Saint Cyr's testimony and his brother's, including whether the Lavalas had a gun, how it was used, where the brothers were located in their house, the order of the beatings, and what the family

4

did after the beatings. There were also inconsistencies between Saint Cyr's testimony and his asylum application. Taking this "evidence in the light most favorable to the agency's decision and draw[ing] all reasonable inferences in favor of that decision," we conclude that there was substantial evidence supporting the BIA's affirmance of the IJ's finding that the testimony about the 1998 beatings was not credible. See Adefemi, 386 F.3d at 1029. Because Saint Cyr failed to produce credible evidence of past persecution, the BIA did not err in affirming the denial of his application on that ground. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005).

We also conlcude that the BIA's holding that Saint Cyr had not proven an objectively reasonable fear of future prosecution was supported by substantial evidence. Saint Cyr testified to only a single incident in 2005 in which "some people" came looking for him at his aunt and uncle's house. This conflicted with his uncle's letter, which stated that there were death threats "every so often." Given Saint Cyr's failure to introduce evidence that compels us to conclude that he will suffer persecution on account of his political beliefs if he is returned to Haiti, we must affirm the BIA's finding on the matter. See Ruiz, 479 F.3d at 765.

In addition, to be entitled to asylum based on either past persecution or a well-founded fear of future persecution, an alien must prove that the persecution is on account of a protected ground. Silva, 448 F.3d at 1236. Even had Saint Cyr

5

shown past persecution or a well-founded fear of future persecution, his asylum claim would still fail because he has failed to allege or prove that a protected ground was or would be the reason for it.  The refusal to join a political faction is not a political opinion, see INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S. Ct. 812, 816 (1992), and he has not presented any evidence of any other protected grounds that would make him eligible for asylum.

**PETITION DENIED.**